**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIGUEL ORTIZ, <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC UNION FINANCIAL, <br><br> Defendant. | Case No. 2:16-cv-00825-JCM-NJK <br><br> **ORDER** <br><br> Application to Proceed *In Forma Pauperis* <br><br> (Docket No. 1) |

Plaintiff Miguel Ortiz is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on April 12, 2016. This proceeding was referred to this court by Local Rule IB 1-9.

**I.  *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*. See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

A claim may be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter jurisdiction must exist at the time an action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013). Further, as Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**A.   Background**

Plaintiff alleges he was "wrongfully discharged" from his employment. Docket No. 1-2 at 1. Though Plaintiff does not allege specific laws under which these claims fall, Plaintiff most likely alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition to failing to allege specific laws, Plaintiff also fails to allege any facts, whether he filed a complaint with the Equal Employment Opportunity Commission (EEOC) and whether he exhausted his administrative remedies regarding the alleged discrimination and retaliation prior to filing the Complaint with this Court. Docket No. 1-2.

**B.     Legal Analysis**

In order to bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001).  Under Title VII, a plaintiff must exhaust his administrative remedies "by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B.*, 276 F.3d at 1099. "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.' " *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) (*quoting Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n. 325 (D.C. Cir.1976)); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge...."). The district court does not have subject matter jurisdiction over a case in which a plaintiff has never presented a discrimination complaint to the appropriate administrative authority. *Sommatino*, 255 F.3d at 709. *See also Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002) (federal subject matter jurisdiction requires a plaintiff to exhaust administrative remedies before seeking adjudication of a Title VII claim by filing a timely charge with the EEOC).

Here, Plaintiff has failed to allege that he exhausted his administrative remedies. *See* Docket No. 1-2. As a result, the Court cannot discern whether or not the Court has subject matter jurisdiction over this case. Additionally, to the extent that the Court has jurisdiction of Plaintiff's Title VII claims, Plaintiff has also failed to state a claim. In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish that: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in Plaintiff's protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

If Plaintiff amends the Complaint, Plaintiff must, in addition to showing that he exhausted his administrative remedies, establish a *prima facie* case for his Title VII claim.

. . . .

3

**C.     Conclusion**

Therefore, for the reasons stated above, the Court dismisses Plaintiff's Complaint, with leave to amend, if Plaintiff believes he can correct the deficiencies in the Complaint.

Accordingly and for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **May 16, 2016**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, he is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 14th day of April, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE