# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL A. ORTIZ, ) | Case No. 2:16-cv-00825-JCM-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| PACIFIC UNION FINANCIAL, ) | |
| ) | |
| Defendant(s). ) | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On April 14, 2016, the undersigned granted Plaintiff's request to proceed *in forma pauperis*, screened his complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 2. The Court found that the complaint attempted to allege claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 2. The Court further found that Plaintiff failed to allege that he had exhausted his administrative remedies, and failed to establish a *prima facie* case of discrimination under Title VII. *Id.* at 3. The Court provided Plaintiff an opportunity to cure those defects. *Id.* at 4.

## I. DISCUSSION

Plaintiff has now filed an amended complaint on the Court's form complaint for 42 U.S.C. § 1983 actions. Docket No. 4. However, the Court again analyzes Plaintiff's complaint under Title VII because Plaintiff alleges employment discrimination. *See id.* at 4 (alleging that employer "discriminated against my gender and my race.") In order to bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies. *See, e.g.*, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). If a plaintiff can demonstrate that he has exhausted his administrative remedies, he must next prove a *prima facie* case of discrimination under Title VII. In order to prove a *prima facie* case of discrimination under Title VII, a plaintiff must establish that: (a) he belongs to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in Plaintiff's protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (internal citation omitted).

Plaintiff alleges that he left another job to begin working for Defendant Pacific Union Financial in February 2015. Docket No. 4 at 3. Plaintiff asserts that, despite receiving inadequate training and being without a supervisor for two and a half months, he managed to close several loans. *Id.* at 4-5. Plaintiff further submits that he was given more difficult work assignments than his female colleagues. *Id.* at 4. Plaintiff alleges that he was terminated on June 28, 2015 because of performance issues. *Id.* at 5. Plaintiff submits that female colleagues with similar performance records to his own were not terminated. *Id.* Plaintiff states that he filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") after he was terminated. *Id.* at 6. Plaintiff also provides a copy of a right to sue letter that the EEOC sent him on February 3, 2016, after concluding its investigation of his charge. *Id.* at 10.

The Court finds that Plaintiff has exhausted his administrative remedies by timely filing a complaint with the EEOC. The Court also finds that Plaintiff has established a *prima facie* case of discrimination under Title VII. First, Title VII prohibits employers from engaging in gender-based

1  discrimination. 42 U.S.C. § 2000e-2(a)(1). Thus, because Plaintiff alleges gender discrimination,
2  he has established that he is part of a protected class. *See, e.g.*, Docket No. 4 at 4. Second, the Court
3  construes Plaintiff's assertion that he left another job to work for Defendant, and his descriptions of
4  his performance, as alleging that he was qualified for his position. *See id.* at 3-5. Third, Plaintiff
5  alleges that he was subjected to adverse employment actions when he was given more difficult
6  assignments than his female colleagues, and later when he was fired. *See id.* Finally, Plaintiff
7  alleges that similarly situated female employees were given easier assignments and were not
8  terminated for performance issues. *See id.* The Court thus finds the allegations sufficient at this
9  stage to allow the case to move forward.

10  It may be that Plaintiff intended to bring claims in addition to the gender discrimination claim
11  outlined above. *See, e.g.*, *id.* at 4, 5-6 (referring to race discrimination and retaliation). Having
12  found that Plaintiff's complaint is sufficient for screening purposes with respect to at least one claim
13  against Defendant, however, the Court declines to address any additional claims that may be present
14  in the complaint. *See, e.g.*, *Jenkins v. Lab. Corp. of Am.*, 2013 U.S. Dist. Lexis 118008, at *6 n.1
15  (D. Nev. Aug. 20, 2013). Moreover, nothing herein should be construed as preventing Defendant
16  from filing a motion to dismiss once it has appeared on any grounds it deems appropriate, including
17  whether Plaintiff has sufficiently stated a claim. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119
18  (S.D. Cal. 2007); *see also Bem v. Clark Cty. Sch. Dist.*, 2015 U.S. Dist. Lexis 7757, at*6 n.1 (D.
19  Nev. Jan. 21, 2015).

**II.   CONCLUSION**

Based on the foregoing and good cause appearing, therefore, **IT IS ORDERED** that:.

1. The Clerk of the Court shall file the Complaint and shall issue a Summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice

with the court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: January 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge