UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL ORTIZ,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC UNION FINANCIAL,<br><br>　　　　　　　　Defendant. | Case No. 2:16-cv-00825-JCM-NJK<br><br>ORDER |

Presently before the court is defendant Pacific Union Financial's motion to dismiss. (ECF No. 13). Plaintiff Miguel Ortiz has not responded to the motion despite his other activity in the case, and the deadline to submit a response has elapsed.[1]

Although the court has granted the parties' request that the Short Trial Rules of the United States District Court for the District of Nevada apply in this case, that request made no mention of plaintiff's failure to respond to defendant's motion to dismiss. *See* (ECF Nos. 28, 29). Thus, this court may adjudicate the motion to dismiss even though it has granted the request for a short trial. *See* Short Trial Rule 6 (indicating that a judge will decide outstanding motions).

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." The Ninth Circuit instructs that a district court must weigh several factors before granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule:

---

[1] Although defendant has submitted an affidavit of service referring to its "reply to opposition to motion to dismiss," neither the reply nor the opposition to the motion are present on the docket of this case. (ECF No. 21).

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in light of a local rule authorizing dismissal).

This court finds that granting defendant's motion to dismiss would protect the public's interest in the expeditious resolution of litigation. *See Ghazali*, 46 F.3d at 53.

This court also finds that granting defendant's motion to dismiss would permit the court to effectively manage its docket. *See id*. Additionally, defendant would be prejudiced if the court did not rule on the present motion because it would be forced to wait until August 2017 to begin trial. *See* (ECF No. 29).

This court acknowledges the public policy favoring the disposition of cases on their merits. *See Ghazali*, 46 F.3d at 53. However, dismissal is an appropriate sanction in this circumstance because over two months have elapsed since the expiration of plaintiff's response deadline, and plaintiff has yet to file an opposition to defendant's motion to dismiss. Indeed, "pro se litigants are bound by the rules of procedure." *Id.* at 54.

Weighing the *Ghazali* factors, this court finds that defendant's motion to dismiss will be granted pursuant to Local Rule 7-2(d). *See id.* at 53.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Pacific Union Financial's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED, without prejudice.

DATED THIS 5th day of May, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE